The appealing party has shown good grounds to reconsider the evidence. However, upon detailed reconsideration of the evidence, the Full Commission finds the same facts and reaches the same conclusions as those reached by the Deputy Commissioner, with some minor modifications. The Full Commission, in its discretion, has determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support the findings of fact, conclusions of law, and ultimate order. The sole assignment of error is to the Deputy Commissioner's finding that plaintiff failed to prove that the physical therapy for plaintiff's compensable back injury caused or aggravated plaintiff's neck problems.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant on 29 September 1994.
3. On 29 September 1994, defendant was a duly qualified self-insured under the provisions of the N.C. Workers' Compensation Act with Alexsis as its servicing agent.
4. The plaintiff's average weekly wage is to be determined by an Industrial Commission Form 22.
5. Plaintiff's medical records from Dr. Carol Wadon, Cape Fear Valley Medical Center, Dr. Leon Dantzler, Southeastern Regional Rehabilitation Center, Dr. Rakesh Gupta, Dr. Stephen Ginn as well as plaintiff's physical therapy notes were admitted as Stipulated Exhibit #2.
6. Plaintiff's Answers and Supplemental Answers to Defendant's Interrogatories were admitted as Stipulated Exhibit #3.
7. Industrial Commission Forms 19, 33, 33R and 22 regarding this claim were admitted as Stipulated Exhibit #4.
8. Prior to the hearing before the Deputy Commissioner, defendant agreed to accept plaintiff's 29 September 1994 injury to his lower back as compensable. The issues before the Deputy Commissioner were whether plaintiff's neck problems were related to his compensable lower back injury and whether plaintiff was entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
The Full Commission adopts, as modified, the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 29 September 1994, plaintiff was a 41 year old male employed by defendant as a nursing assistant. His duties included taking patients' blood pressure, picking up supplies and assisting patients to their cars upon discharge.
2. On 29 September 1994, plaintiff sustained a compensable injury to his lower back while lifting a patient from a wheelchair to the patient's car. The patient began to fall, grabbed plaintiff around the neck, and they fell to the ground. Prior to the hearing before the Deputy Commissioner, defendant accepted compensability for plaintiff's lower back strain arising from this accident.
3. Plaintiff immediately reported the 29 September 1994 incident and was diagnosed with back strain, prescribed Motrin and released to return to work the next day.
4. After plaintiff's compensable back injury on 29 September 1994, plaintiff returned to work for defendant at the same or greater wages and did not sustain any wage loss until his neck surgery on 23 June 1995.
5. On 18 October 1994, plaintiff sought treatment from Dr. Dantzler for chest pain. Plaintiff made no mention of his back or neck pain.
6. On 15 February 1995, plaintiff returned to Dr. Dantzler, who noted a small hernia on plaintiff's right side. Dr. Dantzler referred plaintiff to Dr. Saliba for treatment, as Dr. Saliba had performed earlier hernia surgery on plaintiff. Again, plaintiff made no mention of back or neck pain.
7. On or about 16 February 1995, plaintiff again began to experience lower back pain while at work. Defendant referred plaintiff to Dr. David Olson for treatment. Dr. Olson restricted plaintiff's activities, prescribed Darvocet for pain, and referred him to physical therapy.
8. Plaintiff began physical therapy on 1 March 1995 at Cape Fear Valley Medical Center. This physical therapy focused on plaintiff's lower back pain. The exercises did not place strain on plaintiff's neck, allowed his head and neck to remain in a neutral position, and involved the use of only two pounds of weight.
9. Plaintiff had experienced a neck injury and neck pain eight to ten years before his back injury on 29 September 1994.
10. During plaintiff's 13 March 1995 physical therapy session, plaintiff indicated he had some pain in his neck and the physical therapist repositioned him. Plaintiff finished the session without further complaints of neck pain. The evidence shows, at most, that plaintiff experienced temporary neck discomfort which was relieved by the repositioning.
11. During plaintiff's 28 March 1995 physical therapy session, plaintiff indicated that his lower back pain had improved. However, he did express that he had experienced neck pain the evening before at home while baking a potato pie.
12. Plaintiff told Dr. Olson about the neck pain on 28 March 1995. Dr. Olson referred plaintiff to Dr. Wadon, who had treated plaintiff for neck problems in 1992 and 1993. A 28 March 1995 x-ray revealed degenerative disc disease in the cervical region.
13. In 1992, plaintiff had presented to Dr. Wadon with symptoms of neck pain, right scapular region, and numbness and tingling his in fingers. A 6 November 1992 MRI of the cervical spine revealed degenerative changes and disc bulging at C3-4, C4-5, and a sizeable bulge at C7-T1.
14. A 4 May 1995 MRI revealed the same disc protrusion at C7-T1 that was seen in 1992, and degenerative disc disease especially at C3-4 and C4-5. Plaintiff's symptoms in 1995 were the same as those reported in 1992.
15. On 23 June 1995, Dr. Wadon performed bilateral decompressive laminectomies and foraminotomies at C3-4 with foraminotomies at C2-3, C3-4 and C4-5. The surgery addressed the same areas which were shown on the 6 November 1992 MRI. Dr. Wadon restricted plaintiff from working for at least 4 weeks due to his neck surgery.
16. On 22 August 1995, plaintiff's neck reached maximum medical improvement. Plaintiff received a fifteen percent (15%) permanent partial disability rating to his neck.
17. Plaintiff experienced asthma problems requiring hospitalization from 8 May 1995 to 15 May 1995. Dr. Wadon opined that plaintiff could not return to his previous position based on his asthma and his neck problems.
18. Plaintiff received disability payments through defendant. Additionally, plaintiff received Social Security disability payments beginning September 1996, and a lump sum payment for the period from December 1995 through August 1996. Plaintiff currently receives $743.00 per month in Social Security disability benefits.
19. Plaintiff's inability to return to work in the summer of 1995 was not related to plaintiff's compensable lower back injury.
20. Plaintiff failed to prove by the greater weight of the evidence that he suffered a compensable injury to his neck on 29 September 1994.
21. Plaintiff failed to prove by the greater weight of the evidence that the physical therapy he received in March 1995 as a result of his compensable back injury either caused his neck condition or aggravated his pre-existing neck condition.
22. Plaintiff's average weekly wage pursuant to an Industrial Commission Form 22 was $372.05 per week, yielding a compensation rate of $248.04 per week.
23. Plaintiff's appeal of this matter was based upon reasonable ground.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury to his lower back arising out of and in the course of his employment with defendant on 29 September 1994. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to have defendant provide all medical treatment arising from the 29 September 1994 injury by accident to plaintiff's lower back to the extent that it tends to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
3. Plaintiff's neck problems were not caused by or aggravated by his injury on 23 September 1994 or by the physical therapy in March 1995. N.C. Gen. Stat. § 97-2(6).
4. Plaintiff is not entitled to temporary total disability payments or permanent partial disability payments arising from his 29 September 1994 compensable back injury. Plaintiff failed to prove by the greater weight of the evidence a causal connection between his neck problems and his back injury. N.C. Gen. Stat. § 97-25.
5. Defendant is not entitled to attorney's fees, as it was reasonable to conduct a hearing in this matter. N.C.
Gen. Stat. § 97-88.1.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay all past and future medical expenses incurred by plaintiff as a result of his compensable injury to his lower back on 29 September 1994. Bills shall be submitted to the Industrial Commission pursuant to approved Industrial Commission procedure.
2. Plaintiff's claim for medical expenses and temporary total disability arising from his neck problem is DENIED.
3. Defendant's request for attorney's fees is DENIED.
4. Defendant shall pay the costs.
 S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING WITHOUT WRITTEN OPINION:
S/ ____________ THOMAS J. BOLCH COMMISSIONER